# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1756-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

YVENSI J. CENESCA,

    Defendant-Appellant.

_____

Submitted November 13, 2025 – Decided March 5, 2026

Before Judges Mayer and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 18-01-0224.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Yvensi J. Cenesca appeals from an order denying his petition for post-conviction relief (PCR). He also appeals from previous orders granting an evidentiary hearing on his petition limited to allegations his plea counsel had failed to properly advise him regarding the potential immigration consequences of his plea and denying his motion for reconsideration of that order. We affirm.

Defendant was indicted on charges of first-degree attempted murder, second degree aggravated assault, third-degree criminal restraint, and weapons offenses; the victim was his girlfriend with whom he was residing. Pursuant to a negotiated plea agreement, defendant on December 3, 2018, pleaded guilty to an amended count of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(12). On the plea form, which defendant signed, defendant indicated he was not a citizen of the United States, understood his guilty plea could result in his removal from the United States, had discussed with counsel the potential immigration consequences of his plea, and, having discussed those consequences with counsel, still wanted to plead guilty. He also stated he was satisfied with the advice he had received from his attorney and did not have any additional questions regarding his plea.

At the December 3, 2018 plea hearing, defendant was provided with a Creole interpreter. Defendant testified an interpreter had been present when he

reviewed the plea form with his attorney, the attorney had reviewed with him each question on the form, and he had understood each question and the information provided by his attorney. He confirmed the truthfulness of the answers he had provided on the plea form. The court found defendant had been "able to understand the questions [on the plea form], and respond to the questions, as they were read by [his] attorney and translated by the Creole interpreter."

Defendant again confirmed he was not a citizen of the United States, he understood his guilty plea could result in his removal from the United States, he had discussed with his attorney the potential consequences of his plea, and, having been advised of those consequences, he still wished to plead guilty. Defendant testified he understood the rights he was waiving and that no one had threatened, forced, or coerced him into giving up those rights. He also testified about the crime, admitting he had struck the victim repeatedly in the face with his fists, resulting in her having to seek treatment at a hospital and recklessly causing her significant bodily injury.

After defendant's testimony, the court accepted his plea as knowing, intelligent, and voluntary. The court detained defendant pending sentencing, finding defendant had "pled guilty to an offense that will call for State Prison

3

time.  He[] also pled guilty to an offense which may subject him to being deported."

As memorialized in a February 14, 2019 judgment of conviction, the court initially sentenced defendant to a three-year prison term, with a one-year period of parole ineligibility.  On October 7, 2020, the court entered an amended judgment of conviction imposing a three-year prison term with no period of parole ineligibility, consistent with the negotiated plea agreement.  Defendant appealed his sentence.  We heard the appeal on a sentencing calendar, see R. 2:9-11, and affirmed, concluding the sentence was "not manifestly excessive or unduly punitive and d[id] not constitute an abuse of discretion."  State v. Cenesca, No. A-0349-20 (App. Div. Oct. 27, 2021) (slip op. at 1).

In his subsequently filed PCR petition, defendant contended plea counsel had not adequately represented him and that he should have been permitted to withdraw his guilty plea as a result of the allegedly ineffective assistance he had received.  Defendant asserted plea counsel had been ineffective in failing to properly advise him of the immigration consequences of his plea in this case.  In his petition, defendant claimed plea counsel had told him "he could not be deported as a result of pleading guilty to a third[-]degree crime."  In a brief in support of the petition, defendant's PCR counsel claimed that "[h]ad [d]efendant

4

been properly advised of the immigration consequences of his plea, he would have rejected the plea and gone to trial." Defendant did not make a statement supporting that claim in his verified petition. Defendant also contended in the PCR petition in this case that, in a separate municipal-court matter in which he pleaded guilty in April 2018, to criminal mischief in connection with another incident involving his girlfriend, his counsel failed to discuss fully with him the ramifications of a guilty plea in that matter on the sentence he could receive in this case.

In a letter in reply to the State's opposition to his petition, defendant alleged for the first time plea counsel had been ineffective in failing to move to dismiss the indictment in this case and that he had not entered his guilty plea knowingly, intelligently, and voluntarily because plea counsel had not explained to him what "significant bodily injury" meant and in entering the plea he had "acknowledged facts that did not exist in the record" regarding the nature and extent of the victim's injuries. He also submitted in reply an affidavit claiming for the first time plea counsel had not reviewed with him discovery, including the victim's medical records.

The court heard argument on January 25, 2023, and granted in part defendant's request for an evidentiary hearing. In a February 7, 2023 order, the

court limited the scope of the hearing to "the allegations of ineffective assistance of counsel . . . related to [defendant]'s allegations that his counsel provided affirmative misadvice related to potential immigration consequences." In a subsequent reconsideration motion, defendant asked the court to expand the scope of the hearing to include his claim that plea counsel had been ineffective "based upon the deficient plea allocution, the failure to be explained the legal meaning of 'significant bodily injury,' and plea counsel's failure to file a motion to dismiss the indictment."

After hearing argument, the court entered an order and written decision on May 26, 2023, denying defendant's motion. The court found the plea colloquy "unequivocally reflect[ed] a knowing, intelligent and voluntary plea, free of coercion of any sort," "there was ample evidence provided to [defendant] in discovery to acknowledge the injuries he caused to the victim," and the victim's medical records established defendant had caused significant injury to her. The court found defendant had failed to make a prima facie case regarding his ineffective-assistance claim on the issue of defendant's understanding of "significant bodily injury" at the time of his plea and "ha[d] failed to provide a scintilla of verifiable information that any of counsel's alleged, but unproven,

ineffectiveness would have resulted in a further reduction of his overwhelmingly favorable sentence in his negotiated plea agreement."

The court also rejected defendant's argument based on counsel's not moving to dismiss the indictment. The court found the prosecutor had presented evidence to support the grand jury's finding a crime had occurred and defendant might have committed it and defendant had failed to demonstrate he had been prejudiced by the decision not to move for a dismissal. The court concluded PCR counsel's "second-guessing" of plea counsel's "strategic choice" was "not grounds to disturb the plea, particularly in light of the fact of the significantly favorable plea bargain received resulting in a plea recommendation at the very bottom of the third[-]degree range." The court evaluated defendant's claim in light of the factors articulated by the Court in State v. Slater, 198 N.J. 145, 150 (2009), and held he had not satisfied the standard for a plea withdrawal.

The court conducted a multi-day evidentiary hearing during which plea counsel, defendant, and plea counsel again testified. According to plea counsel, his notes from his initial consultation with defendant indicated they had discussed the possibility the aggravated-assault charge could result in his deportation. He testified that in connection with the agreement to plead guilty to third-degree aggravated assault, he recalled "advis[ing] [defendant] that there

A-1756-23

were going to be immigration consequences." Plea counsel testified that, even being aware of the immigration consequences of his plea, defendant wanted to proceed with the plea, and his primary concern at that time was getting out of jail. He confirmed he had reviewed with defendant each question on the plea form and denied he had provided him with incorrect immigration advice.

Defendant testified plea counsel had not informed him he could be deported for the charges against him and had told him he "could not be deported for a third-degree charge." According to defendant, plea counsel told him what answers should be circled on the plea form and that he had to answer the immigration questions affirmatively for the court to accept his plea and release him. Defendant testified he had pleaded guilty only because plea counsel told him he "could not be deported for a third-degree sentence" and he would go home that day.

Defendant also asserted for the first time plea counsel had informed him he knew the judge because he had attended school with him, "[h]e would have a handshake with the [j]udge," and the judge would sentence him to time served. Because of that new allegation, plea counsel was recalled to testify. He admitted he may have told defendant he knew the judge from school but denied the rest

A-1756-23

of defendant's allegations, including that he had told defendant he would have a "handshake" deal with the judge.

In a January 4, 2024 order and written decision, the court denied defendant's petition and alternative request to vacate his plea. The court found plea counsel's testimony was "exceptionally credible, believable, and truthful," "consistent and forthright," and "corroborated by [defendant's] testimony during the plea colloquy[] and the plea forms." The court found defendant's testimony was not credible. The court noted "[t]he extreme differences" between defendant's testimony during the plea colloquy and the PCR evidentiary hearing and described defendant as being "consistently evasive" and "provid[ing] non-responsive answers" when addressing questions posed by the assistant prosecutor and the court during the PCR hearing. The court discredited defendant's testimony, including his testimony about an alleged "handshake" deal, "based upon its extreme lack of credibility and [defendant's] motivation to fabricate." The court concluded plea counsel had "thoroughly reviewed each question on the plea form" and had discussed the immigration and deportation consequences of the plea with defendant, who decided to proceed with the plea.

The court applied the two-pronged test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and

9

adopted by the New Jersey Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987). <u>See</u> <u>Fritz</u>, 105 N.J. at 52 (to establish ineffective assistance, a defendant must show (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) counsel's "deficient performance prejudiced the defense" (quoting <u>Strickland</u>, 466 U.S. at 687)); <u>see also</u> <u>State v. Hernandez-Peralta</u>, 261 N.J. 231, 247 (2025). The court found defendant had not demonstrated ineffective assistance under the first prong because he had failed to establish plea counsel misinformed him about the deportation consequences of the plea. The court found defendant had not established the second prong because he had not shown he would have insisted on going to trial had he not been misinformed as alleged, especially considering the sentencing exposure he faced had he gone to trial. Consequently, the court held defendant had not demonstrated either prong of the <u>Strickland</u>/<u>Fritz</u> test.

The court again considered the <u>Slater</u> factors and found each factor weighed in favor of the State and that defendant had "entered a knowing, intelligent and voluntary plea in this matter." Thus, the court concluded defendant was not entitled to withdraw his guilty plea.

Defendant makes the following arguments on appeal:

POINT ONE

[DEFENDANT] IS ENTITLED TO RELIEF ON HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY MISADVISING HIM OR MISLEADING HIM ABOUT THE DEPORTATION CONSEQUENCES OF HIS PLEA.

POINT TWO

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIMS THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL DURING PLEA NEGOTIATIONS AND DURING THE PLEA, AT SENTENCING, AND BY FAILING TO MOVE TO DISMISS THE INDICTMENT.

A. Counsel misadvised [defendant] before and during the plea about the terms of his plea agreement, rendering his plea unknowing and unintelligent.

B. Counsel rendered ineffective assistance during sentencing by failing to present relevant evidence and causing the enhancement of his client's sentence.

C. Counsel rendered ineffective assistance by failing to move to dismiss the indictment.

POINT THREE

[DEFENDANT'S] GUILTY PLEA MUST BE SET ASIDE OR THE MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING.

11

We address first defendant's argument he was entitled to relief based on plea counsel's purported misinformation about the deportation consequences of his guilty plea. The PCR court rejected that argument after conducting an evidentiary hearing. When a PCR court has held an evidentiary hearing and has made "factual findings based on live testimony, an appellate court applies a deferential standard; it 'will uphold the PCR court's findings that are supported by sufficient credible evidence in the record.'" State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Nash, 212 N.J. 518, 540 (2013)). We defer to the PCR court's credibility determinations of witnesses the court had the opportunity to observe firsthand. Ibid. We give that deference because the court had the "opportunity to hear and see the witnesses and to have the feel of the case, which a reviewing court cannot enjoy." State v. Nuñez-Valdéz, 200 N.J. 129, 141 (2009) (quoting State v. Elders, 192 N.J. 224, 244 (2007)). We uphold a PCR court's findings on appeal that are "supported by sufficient credible evidence in the record." Nash, 212 N.J. at 540. Although we give deference to the factual and credibility determinations of a PCR court, we review its legal conclusions de novo. Hernandez-Peralta, 261 N.J. at 246.

In a plea deal involving a non-citizen, plea "counsel must inform [his or] her client whether his plea carries a risk of deportation." Id. at 249 (quoting

Padilla v. Kentucky, 559 U.S. 356, 374 (2010)).  Failure to provide a client with that information "will be viewed as deficient performance of counsel."  Ibid. (quoting State v. Gaitan, 209 N.J. 339, 380 (2012)).

Given the deferential standard we apply, the record developed during the evidentiary hearing, and the evidence already before the court, we have no basis to reject Judge Arthur J. Batista's determination that defendant did not establish ineffective assistance based on plea counsel's purported failure to properly advise him regarding the potential immigration consequences of his plea. Defendant indicated on the plea form and during the plea hearing that he understood his guilty plea could result in his removal from the United States and he had discussed with counsel the potential immigration consequences of his plea.

Because defendant asserted in his PCR petition plea counsel had failed to properly advise him of the immigration consequences of his plea and had told him "he could not be deported as a result of pleading guilty to a third[-]degree crime," the court conducted an evidentiary hearing.  The judge found credible plea counsel's testimony and incredible the testimony defendant gave during the evidentiary hearing.  Based on that evidence and those credibility findings, which we have no reason to disturb, we conclude the judge correctly determined

13

defendant had failed to meet the prongs of the Strickland/Fritz test. Accordingly, we affirm the January 4, 2024 order denying defendant's petition.

We discern no abuse of discretion in the court's decision to forego an evidentiary hearing on defendant's remaining claims of ineffective assistance, denial of defendant's motion to reconsider that decision, or denial of defendant's request to withdraw his plea. See Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (applying an abuse-of discretion standard when reviewing an order on a reconsideration motion); State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020) (holding "[w]e review a trial court's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard"); State v. O'Donnell, 435 N.J. Super. 351, 372 (App. Div. 2014) (reviewing an order on a plea-withdrawal motion under an abuse-of-discretion standard).

A PCR petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013); see also State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (holding "[t]he mere raising of a claim of [ineffective assistance of counsel] does not entitle the defendant to an evidentiary hearing"). Rule 3:22-10(b) provides a court should hold an evidentiary hearing on a PCR petition only if the defendant establishes a prima facie case in support of PCR, "there are material issues of disputed fact that

14

cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief." See also Porter, 216 N.J. at 354. "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

Applying those standards, we affirm the February 7, 2023 order scheduling an evidentiary hearing limited to the immigration issue and the May 26, 2023 order denying the reconsideration motion substantially for the reasons set forth on the record by the court on January 25, 2023, when it held it would conduct an evidentiary hearing limited in scope, and more fully in the comprehensive May 26, 2023 written opinion denying the reconsideration motion. We affirm the court's denial of the aspect of defendant's petition seeking to withdraw his plea substantially for the reasons set forth on that issue in the January 4, 2024 written decision denying defendant's petition.

We note defendant contends the court did not rule on the issue defendant raised regarding plea counsel's purported failure to present and argue for mitigating evidence. To the contrary, the court considered the issue during the January 25, 2023 argument and rejected defendant's position when it limited the

15

scope of the evidentiary hearing in the February 7, 2023 order and ultimately denied the petition in the January 4, 2024 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Harley

Clerk of the Appellate Division

16

A-1756-23